IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEKANDA T. FOWLER WORTHY, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:11-CV-123 (MTT) |
| BRIAN OWENS, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Before the Court is Petitioner DeKanda T. Fowler Worthy's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. Because Petitioner's four grounds for relief are either procedurally defaulted or fail to state a claim, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

### PROCEDURAL HISTORY

On February 3, 2009, a Jones County, Georgia Grand Jury indicted Petitioner for statutory rape and two counts of child molestation. Doc. 10-5 at 16-18. On May 13, 2009, Petitioner pleaded guilty to the indictment as charged. Id. at 26. Petitioner was sentenced to a total of thirty years, with the first fifteen years to be served in prison followed by fifteen years to be served on probation. Id. On July 20, 2009, Petitioner moved for permission to file an out-of-time appeal, which was denied on August 21, 2009. Id. at 77.

On March 18, 2010, Petitioner filed a state habeas corpus petition in the Superior Court of Wheeler County, Georgia. Doc. 10-1. Petitioner then amended the state habeas corpus petition on April 1, 2010. Doc. 10-2. As amended, Petitioner's state habeas corpus petition raised twelve grounds challenging his convictions. The state habeas corpus court denied the petition in an

order dated December 3, 2010. Doc. 10-4. Petitioner did not file an application for a certificate of probable cause to appeal the state habeas court's decision to the Georgia Supreme Court. Petitioner then executed the instant federal habeas corpus petition on March 29, 2011. Doc. 1.

## STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for purposes of considering the instant petition, the facts stipulated to in Petitioner's guilty plea are adopted by this court. These facts are summarized as follows:

Petitioner met a fourteen-year-old girl on a chat line requiring members to be over eighteen years of age to participate. After chatting back and forth for months, Petitioner visited the girl by sneaking through her bedroom window at her grandparent's house. On July 30, 2008, Petitioner visited the girl a second time, again coming in through the window. On that second visit, the two engaged in sexual intercourse. The victim believed that Petitioner was eighteen years old, when in fact Petitioner was thirty-one years old at the time.

The victim's grandmother woke up in the middle of the night after hearing a noise coming from the victim's room. After going to the room to investigate, the grandmother found Petitioner in bed naked with the victim. Petitioner immediately jumped out of the bed and fled the scene. Petitioner left his pants, shirt, and wallet in the bedroom. Two condoms were found in the bedroom containing Petitioner's semen and DNA. The condoms also contained the victim's DNA. Petitioner was arrested three months later after returning to the Macon, Georgia, area from Atlanta. Doc. 10-6.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the

court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).  After a review of the record in this case, and in light of the above fact statement, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of  28 U.S.C. § 2254(d), a federal court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case."  Putman v. Head, 268 F.3d 1223, 1241 (11th Cir.2001).  An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case."  Id.  "An unreasonable application may also

occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.  Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

Petitioner raises four grounds for relief in his federal habeas corpus petition. In Ground One, Petitioner alleges that his offenses should have merged under Georgia law. In Ground Two, Petitioner alleges that he received ineffective assistance of counsel because counsel coerced Petitioner into entering his guilty plea to Jones County charges at the Baldwin County Courthouse. In Ground Three, Petitioner alleges that the DNA results were not accurate. In Ground Four, Petitioner alleges that he received ineffective assistance of counsel because counsel failed to adequately investigate Petitioner's case. Because Ground One is procedurally defaulted and Grounds Two, Three, and Four fail to establish a claim for relief, Petitioner is not entitled to relief.

## Ground One

In Ground One, Petitioner argues that his statutory rape charge should have merged with his child molestation charges because the charges were the result of a single act. Petitioner did not raise this issue in his state habeas corpus action. Consequently, Ground One is both unexhausted and procedurally defaulted.

Because Petitioner failed to raise Ground One in his state habeas corpus petition, Ground One is unexhausted. A federal court may not consider an application for writ of habeas corpus on behalf of a person in state custody unless the petitioner has first exhausted his remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must "fairly

4

presen[t] claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). The record in this case shows that Petitioner did not present the claim that his charges should have merged under Georgia law to the state courts. Accordingly, Petitioner's claim is unexhausted.

Petitioner's claim in Ground One is not only unexhausted, but it is also procedurally defaulted. Were Petitioner to attempt to raise the issue in a second state habeas corpus petition, the state court would find the issue to be procedurally defaulted in accordance with Georgia's restriction on successive petitions, O.C.G.A. § 9-14-51, which provides that any grounds for relief not raised in the original or amended habeas corpus petition are deemed waived unless the court "finds ground for relief asserted therein which could not reasonably have been raised in the original or amended petition."  When the record makes it clear that an unexhausted claim would be barred by a procedural default under state law, courts may "treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1988).

Where, as here, procedural default bars litigation of a constitutional claim in a state court, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Isaac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice would occur if the federal court did not consider the claim. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  Petitioner has failed to allege or establish cause and prejudice for his default.  Likewise, there has been no showing that a fundamental miscarriage of justice would result if the claim is not addressed on its merits.  Accordingly, Petitioner is not entitled to relief on the claim set forth in Ground One.

Ground Two

In Ground Two, Petitioner alleges that he received ineffective assistance of plea counsel because counsel coerced him to enter his plea to Jones County charges at the Baldwin County Courthouse. Petitioner raised this argument in his state habeas corpus action. The state habeas court found that Petitioner's contention that he was coerced to plead guilty in a court without proper subject matter jurisdiction is contradicted by the record.

The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel provision guarantees the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: (1) his attorney's performance was deficient, *and* (2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable and the challenged action constituted sound trial strategy. Id.  In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice

6

was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). In the context of a guilty plea, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59.If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The state habeas court's finding that Petitioner failed to prove the deficient performance prong of Strickland is supported by the record. Counsel testified that he did not object to the location of the hearing because it was agreed to by the parties. Doc. 10-6 at 40. It is not unreasonable for counsel to have agreed to hold the plea hearing in Baldwin County because Baldwin County and Jones County are both located in the Ocmulgee Judicial Circuit, and the judge that was assigned to Petitioner's case was presiding at the Baldwin County Courthouse on the date Petitioner was scheduled to enter his guilty plea.

Moreover, Petitioner has failed to prove the prejudice prong of Strickland. Petitioner has not shown that he would not have pleaded guilty absent counsel's agreement to hold the plea hearing at the Baldwin County Courthouse. At the plea hearing, Petitioner admitted to meeting the victim on the chat line and having sex with the victim, who was fourteen years old at the time.

Because the state habeas court's holdings reflect a reasonable finding of the facts based on the trial transcripts and are consistent with clearly established federal law, Petitioner is not entitled to relief on the claim set forth in Ground Two.

### Ground Three

In Ground Three, Petitioner alleges that there was insufficient DNA to convict him because "there is no 100% numerically accurate mathematically score contained in his DNA Forensic Report to substantiate the Petitioner's actual and true identity as the exclusive perpetrator to the alleged offense." Doc. 1. Petitioner raised this argument in his state habeas corpus action. The state habeas court found Petitioner's argument to be without merit because the claim does not challenge the voluntariness of Petitioner's guilty plea or the advice that Petitioner received from counsel.

Once a conviction entered upon a guilty plea becomes final, challenges to the conviction are limited to whether the underlying plea was both counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989). Because a petitioner can only attack the voluntary nature of his plea and the advice he received from his counsel, a petitioner cannot raise independent claims relating to the deprivation of constitutional rights that occurred before his guilty plea. Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005).

The state court's finding that Petitioner cannot attack his guilty plea by contesting the accuracy of the DNA report is consistent with the holdings in Broce and Bradshaw. Petitioner does not assert that his plea was involuntary or that he received inaccurate advice from his counsel based on the DNA report. Accordingly, Petitioner is not entitled to relief on the claim set forth in Ground Three.

### Ground Four

In Ground Four, Petitioner alleges that he received ineffective assistance of counsel because counsel failed to investigate Petitioner's case. Petitioner raised this argument in his state habeas corpus action. The state habeas court found Petitioner's argument to be without merit because the record did not show that counsel's investigation fell below an objective standard of reasonableness.

The record supports the state habeas court's finding that counsel adequately investigated Petitioner's case. Counsel testified that he reviewed discovery and discussed the State's evidence with Petitioner. Doc. 10-6 at 39. Counsel also discussed possible defenses with Petitioner. Id. Additionally, counsel investigated possible defects in the search warrant and argued a motion to suppress evidence obtained through the search warrant. Id. The trial court denied the motion to suppress after conducting a hearing. Id.

Moreover, Petitioner has not shown that he was prejudiced by counsel's performance. Petitioner has not shown that he would have not pleaded guilty had counsel conducted further investigation in the case. Further, Petitioner has not made any argument as to what exculpatory evidence would have been discovered through a more thorough investigation. As discussed above, Petitioner admitted to having sexual intercourse with the victim, who was fourteen years old at the time. Accordingly, Petitioner has failed to prove either requirement under Strickland.

Because the state habeas court's holdings reflect a reasonable finding of the facts based on the trial transcripts and are consistent with clearly established federal law, Petitioner is not entitled to relief on the claim set forth in Ground Four.

CONCLUSION

Because Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: (1) unreasonable in light of the evidence; or (2) contrary to or the result of an unreasonable application of clearly established federal law as determined by the United States Supreme Court, it is **RECOMMENDED** that his petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of June, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge